DUNCAN J. McNEIL III
2030 W. SPOFFORD
SPOKANE, WA 99205 } SERVICE ADDRESS

~~TEMPORARY ADDRESS:~~
~~SPOKANE CO. JAIL~~
~~MS-JAIL CB # 293752~~
~~1100 W. MALLON~~
~~SPOKANE, WA 99260-0150~~
~~INDIGENT DISABLED~~
UNLAWFULLY INCARCERATED
PRISONER - PLAINTIFF

MO-FJM-C-54
DATE: 8/23/05
TIME: 19:00
FJ38

FILED
AUG 29 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

# U.S. DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DUNCAN J. McNEIL, PLAINTIFF<br>v.<br>UNITED STATES, ET, AL. DEFENDANTS. | CA-05-300-ML<br>CASE NO:<br>EXPARTE MOTIONS TO MODIFY ALTER OR AMEND FINDINGS & ORDERS PURSUANT TO FRCP 52, 59 & 60; EXPARTE MOTION FOR RELIEF FROM ORDERS ENTERED ; EXPARTE MOTION TO EXTEND TIME |
| ORDERS & JUDGMENT OF 7/19/05; 8/2/05; 8/15/05, & 8/18/05 & 8/19/05 | |

I, DUNCAN J. McNEIL, III, AM AN INDIGENT, DISABLED AND AN UNLAWFULLY INCARCERATED PRISONER, BEING SWORN UPON OATH, HEREBY DECLARE THAT:

1. THAT PURSUANT TO 28 U.S.C. § 1915(g), I AM PRESENTLY UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY, DUE TO THE CONDITIONS OF MY CONFINEMENT (DUE TO 8th AMEND. VIOLATIONS) AND DUE TO THE INTENTIONAL INDIFFERENCE TO MY HEALTH, SAFETY & WELFARE, BY THE WITHHOLDING OF

Denied. Mary M. Lisi USDJ 9/6/05

(2) PURSUANT TO DE[illegible] v. DOE, 3[illegible] F.3d 93[illegible] ([illegible] 2002) THIS COURT MUST DETERMINE IF PRIOR SUA SPONTE DISMISSALS [illegible] PLAINTIFF FROM PROCEEDING [illegible] UNDER 28 USC 1915(g) [illegible] COURT MAY NOT RELY UPON A [illegible] ISSUED [illegible] PRIOR DISMISSAL, WILL ULTIMATELY QUALIFY AS A [illegible] THIS ACTION.

REQUIRED MEDICAL CARE AND TREATMENT BY MY CAPTORS.

2. I FACE THE IMMINENT DANGER OF SERIOUS PHYSICAL INJURY AS ACTS OF RETALIATION & RETRIBUTION FOR MY HAVING SOUGHT TO ENFORCE & EXERT MY CONSTITUTIONALLY PROTECTED RIGHTS, AS PLEAD IN THIS ACTION, AND AS OTHERWISE EXISTING, IN RELATION TO THE "FOREIGN JUDGMENTS".

3. THAT THIS ACTION IS BROUGHT AS A COMMON LAW SUIT TO ENFORCE FINAL FEDERAL COURT JUDGMENTS, PURSUANT TO THE U.S. CONST. ART. IV §1, IN THIS DISTRICT.

4. THAT THIS ACTION IS ALSO BROUGHT TO ENFORCE THE REIMPOSED AUTOMATIC STAY, PURSUANT TO 11 USC § 362, AND THE DISCHARGE INJUNCTION AND DISCHARGE, PURSUANT 11 U.S.C. § 524 AND 11 U.S.C § 1141, PURSUANT TO THE CONFIRMED CHAPTER 11 PLAN, ENTERED 6/16/98 IN CASE NO. LA 98-16082-SB, USBC-CD-CA, IN RE BROADWAY BUILDINGS, II L.P.

5. THAT THIS ACTION IS BROUGHT TO VACATE OR DECLARE "VOID" (2) THE EXACT ORDERS REFERENCED

7/19/05
8/12/05
8/15/05
8/16/05
8/19/05

OR RELIED UPON
IN THIS COURT'S ORDER ISSUED 8/19/05 ________, ~~PURSUANT TO THE PROVISIONS OF~~ [redacted], AS [redacted] SAID ORDERS WERE ENTERED [redacted]: ① IN A "A CLEAR ABSENCE OF ALL JURISDICTION"; ② BY GRANTING RELIEF IN EXCESS OF THAT PLEAD OR PRESERVED BY THE ADVERSE PARTIES; ③ [redacted] IN VIOLATION OF THE PLAINTIFF'S RIGHTS TO DUE PROCESS, ON A SUA SPONTE BASIS, WITHOUT NOTICE OR ANY MEANINGFUL OPPORTUNITY TO BE HEARD; AND ④ IN VIOLATION OF 11 U.S.C § 362, 11 U.S.C. § 524 OR 11 U.S.C § 1141.

6. AS SUCH THE PLAINTIFF, HEREBY ASSERTS THAT THE (OR RELIED UPON) EXACT ORDERS REFERENCED IN THIS COURT'S ORDER ISSUED 8/19/05 ETC, ARE "VOID AB INITIO" (LEGAL) ORDERS, OF <u>NO FORCE AND EFFECT</u> WHICH CAN BE COLLATERALLY ATTACKED IN THIS ACTION, AND VOIDED IN THIS ACTION, PROHIBITING SAID ORDERS FROM BEING ASSERTED ~~[illegible]~~ OR ENFORCED AGAINST THE PLAINTIFF, UNTIL THIS

COMMON LAW ACTION TO ENFORCE FINAL JUDGMENTS, AND THIS ACTION TO COLLATERALY ATTACK AND "VOID" SAID ORDERS, IS DETERMINED ON THE MERITS.

7. ANY ORDER OR JUDGMENT OF THIS COURT WHICH IS BASED UPON THE "VOID AB INITIO" ORDERS REFERENCED TO IN THIS COURT'S ORDER OF 8/19/05, ETC., WILL ALSO BE A "VOID" ORDER.

8. THAT THE PLAINTIFF IS ENTITLED, AS A MATTER OF LAW, TO HAVE HIS COMMON LAW ACTION TO ENFORCE THE CONFIRMED BANKRUPTCY PLAN, AND HIS ACTION TO COLLATERALY ATTACK THE CLAIMED AND DETERMINED VOID ORDERS, HEARD ON THE MERITS, AND NOT BY SUMMARILY AND SUA SPONTE DISMISSAL.

9. THAT IN VIOLATION OF THE PLAINTIFF'S 1ST, 6TH & 14TH AMEND RIGHTS, RESULTING IN A CONTINUING AND ONGOING "BOUNDS VIOLATION", THE PLAINTIFF IS BEING DENIED ADEQUATE ACCESS TO THE JAIL LAW LIBRARY, COPIES

LEGAL RESEARCH AND RAW MATERIALS, AS NECESSARY TO TIMELY RESPOND TO THE COURT ORDER ENTERED 8/19/05 ETC, HINDERING MY ABILITY TO PURSUE MY NON-FRIVOLOUS LEGAL CLAIMS IN THIS ACTION, ~~ALLOWING ME~~ WHICH SEEKS TO COLLATERALLY ATTACK MY ~~[illegible]~~ CIVIL DETENTION, AND THE "VOID AB INITIO" ORDERS (OR RELIED UPON) REFERENCED IN THE COURT'S ORDER OF 8/19/05 ETC.

10. THAT GIVEN THE REQUESTED EXTENSION, ALLOWING ME MEANINGFUL ACCESS TO THIS COURT, I WILL BE ABLE TO PRESENT AFFIDAVITS AND REQUESTS FOR JUDICIAL NOTICE, THAT WILL SUBSTANTIATE, VALIDATE, SUPPORT AND ESTABLISH THAT MY CLAIMS ARE ~~MERITOUS~~ MERITORIOUS AND NON-FRIVOLOUS.

11. THAT MY PRISON OFFICIALS HAVE FAILED TO FULLFILL THEIR AFFIRMATIVE DUTY TO ENSURE THAT MY ACCESS TO THE COURTS IS "ADEQUATE, EFFECTIVE AND MEANINGFUL", SEE BOUNDS V. SMITH, 430 U.S. 817, AT 822, 97 S.CT. 1491, AT 1495 (1977); LEWIS V. CASEY 518 U.S. 343, AT 351, 116 S.CT. 2174 AT 2180 (1996), RESULTING IN AN ONGOING "BOUNDS VIOLATION".

THE COURT.

13. THE DENIAL OF SUCH AN EXTENSION (DENYING DUE PROCESS) WILL ONLY RESULT IN ANOTHER "VOID AB INITIO" ORDER, ENTERED IN "A CLEAR ABSENCE OF ALL JURISDICTION", RESULTING IN FURTHER UNNECESSARY LITIGATION.

14. AS SUCH THE PLAINTIFF REQUESTS A THIRTY (30) DAY EXTENSION THE FILE A MEMORANDUM, REQUESTS FOR JUDICIAL NOTICE AND AFFIDAVITS/DECLARATIONS IS SUPPORT OF THIS MOTION, FOR RELIEF.

15. I DECLARE THAT THE FOREGOING IS TRUE AND CORRECT UNDER THE PENALTY OF PERJURY, PURSUANT TO THE LAWS OF THE U.S. AND THAT THIS MOTION WAS PLACED IN THE INDIGENT OUTGOING MAIL AT SCJ 5W-26, ON 8/23/05

DATED: 8/23/05

INDIGENT DISABLED PRISONER