MO: FJ-D-69
DATE: 9/28/05
TIME: 19:00
FJ - 38

DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
SERVICE ADDRESS
INDIGENT DISABLED
UNLAWFULLY INCARCERATED
CIVIL DETAINEE, PLAINTIFF
AND JUDGMENT CREDITOR

2005

# U.S. DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DUNCAN J. MCNEIL, III INDIGENT DISABLED UNLAWFULLY INCARCERATED CIVIL DETAINEE, PLAINTIFF AND JUDGMENT CREDITOR<br>v<br>UNITED STATES AND IT'S OFFICERS AND AGENCIES, INCLUDING THE FOLLOWING AGENCIES WITHIN THIS DISTRICT, CLERK, U.S. DISTRICT COURT, D-RI; CLERK, U.S. BANKRUPTCY COURT, D-RI; U.S. ATTORNEY, D-RI; U.S. TRUSTEE, D-RI; U.S. MARSHAL SERVICE, D-RI; FBI, D-RI; IRS, D-RI; SECRET SERVICE, D-RI; SOCIAL SECURITY COMM, D-RI; AND<br>FICTIONSLY NAMED NON-GOVT. JUDGMENT DEBTORS, AS DOE 1 TO DOE 500, RESIDING IN OR OWNING PROPERTY IN THIS DISTRICT, DEFENDANTS & JUDGMENT DEBTORS | CASE No: CA-05-300-ML<br>SECOND AMENDED VERIFIED COMPLAINT: AS A COMMON LAW ACTION, AS A SUPPLEMENTAL BILL IN THE AID OF "FOREIGN JUDGMENTS"; FOR THE REGISTRATION, ENTRY, GRANTING OF FULL FAITH & CREDIT, EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS, IN THIS DISTRICT.<br>JURY TRIAL DEMANDED |

"D-RI" = "DISTRICT OF RHODE ISLAND"

1.01 PLAINTIFF AND JUDGMENT CREDITOR IS THE LAWFUL OWNER OF CERTAIN "FOREIGN JUDGMENTS" (SEE Ex. "2", ATTACHED HERETO AS PAGES 8 OF 9 TO 9 OF 9 OF THIS COMPLAINT, AND INCORPORATED HEREIN),

WHICH ARE SUBJECT TO, AND ENTITLED TO, THE REGISTRATION, ENTRY, GRANTING OF FULL FAITH & CREDIT, EXECUTION AND ENFORCEMENT, IN THIS COURT, AND IN THIS DISTRICT, PURSUANT TO 28 U.S.C. § 1963, 28 USC 1738, US CONST ART. IV § 1, AND FRCP 58(a)(1), 69(a), 70 & 71.

1.02 THAT THE PLAINTIFF AND JUDGMENT CREDITOR, PURSUANT TO THE PROVISIONS OF A CONFIRMED CHAPTER 11 CONFIRMED PLAN, AND THE "FOREIGN JUDGMENTS, IS THE DIRECT, AND/OR INDIRECT, TRANSFEREE OF, OR SUCCESSOR IN INTEREST TO, THE REORGANIZED DEBTOR AND THE DEBTOR ESTATE, AS DEFINED AND ESTABLISHED BY THE "FOREIGN JUDGMENTS" AND 11 U.S.C. § 524(g)(3)(A)(ii).

1.03 THIS IS A COMMON LAW ACTION, AS A SUPPLEMENTAL BILL, IN THE AID OF THE EXECUTION AND ENFORCEMENT OF THE DESCRIBED "FOREIGN JUDGMENTS", IN THIS DISTRICT, AGAINST PERSONS AND PROPERTY IN THIS DISTRICT.

1.04 THIS COURT ALSO HAS JURISDICTION OVER THIS ACTION PURSUANT TO 28 USC § 133 THE "FEDERAL QUESTION" STATUTE, AS TO THE INTERPRETATION AND ENFORCEMENT OF U.S. CONST. ART IV § 1; 28 U.S.C. § 1963; 28 U.S.C. § 1738; 11 U.S.C. § 362; 11 U.S.C. § 524;

11 U.S.C. § 1141; 5 U.S.C. § 552a; 5 U.S.C. § 552; AND THE 1ST, 4TH, 5TH, 6TH, 8TH, & 14TH AMENDS. OF THE U.S. CONST.

1.05 THAT PLAINTIFF IS PRESENTLY UNLAWFULLY INCARCERATED AS A "CIVIL DETAINEE" IN VIOLATION OF HIS 1ST, 4TH, 5TH, 6TH, 8TH, & 14 AMEND. RIGHTS, IN DIRECT RETALIATION AND RETRIBUTION FOR THE PLAINTIFF HAVING SOUGHT TO ENFORCE HIS CONSTITUTIONAL RIGHTS (AND FEDERAL COURT ORDERED OBLIGATIONS) AS TO THE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS". THAT AS A "CIVIL DETAINEE" PLAINTIFF IS NOT SUBJECT TO THE "THREE STRIKES" PROVISIONS OF 28 U.S.C. § 1915(g).

1.06 THAT THE PLAINTIFF IS A FEDERAL COURT APPOINTED "OFFICER OF THE UNITED STATES", AS DEFINED BY 42 U.S.C. § 1985(1), APPOINTED PURSUANT TO 11 U.S.C. § 1123(b)(3)(B) AND CHARGED BY FEDERAL COURT ORDER, WITH THE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS", IN THIS DISTRICT, AND OTHERWISE, PURSUANT TO THE TERMS OF THE "FOREIGN JUDGMENTS" AND LAW.

1.07 THAT PLAINTIFF IS A JUDICIALLY APPOINTED "ARM OF THE COURT", WHO HAS ABSOLUTE QUASI-JUDICIAL IMMUNITY, AS

AS TO ALL OF THE DEFENDANTS' OR "JUDGMENT DEBTORS'" CLAIMS, CHARGES, OR ASSERTIONS, AS TO ALL ACTS TAKEN BY THE PLAINTIFF IN HIS OFFICIAL CAPACITY OR AS TO, THE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS".

1.08 PLAINTIFF IS A "QUALIFIED INDIVIDUAL WITH AN ESTABLISHED SSA DISABILITY, WHO IS LAWFULLY ENTITLED TO REASONABLE ACCOMMODATIONS, BUT WHO HAS BEEN UNLAWFULLY DISCRIMINATED AGAINST, RETALIATED AGAINST AND UNLAWFULLY DENIED ALL REQUESTED OR REQUIRED REASONABLE ACCOMMODATIONS, BY THE DEFENDANTS AND THE GOVERNMENT JUDGMENT DEBTORS, IN A KNOWING AND WILLFUL VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE EQUAL PROTECTION CLAUSE, OF THE 14TH AMEND.

1.09 PLAINTIFF IS PRESENTLY UNDER "IMMINENT DANGER" OF SERIOUS PHYSICAL INJURY, AS DEFINED BY 28 U.S.C. § 1915(g), DUE TO ACTS OF INTENTIONAL INDIFFERENCE TO THE PLAINTIFF'S HEALTH, SAFETY & WELFARE; IN DIRECT RETALIATION AND RETRIBUTION IN RESPONSE TO THE PLAINTIFF'S LAWFUL ATTEMPTS TO EXERCISE HIS CONSTITUTIONAL RIGHTS TO THE EXECUTION AND ENFORCEMENT

OF THE "FOREIGN JUDGMENTS".

1.10 THE PLAINTIFF'S PRESENT RISK OF "IMMINENT DANGER", INCLUDES, BUT IS NOT LIMITED TO:

A. THE UNLAWFUL WITHHOLDING OF REQUIRED AND NECESSARY MEDICATIONS, MEDICAL CARE AND MEDICAL TREATMENT;

B. THE PLAINTIFF'S UNLAWFUL RETALIATORY TRANSFER TO, AND DETENTION IN, 24/7 LOCKDOWN, WITHOUT ANY ACCESS, OR INADEQUATE ACCESS TO PERSONAL HYGINE, EXERCISE, PHONES COURTS, LAW LIBRARY, COPIER, LEGAL RESOURCES RELIGIOUS COUNSELING, MENTAL HEALTH COUNSELING, MEDICAL TREATMENT, DENTAL TREATMENT OR OTHER NECESSARY OR REQUIRED SERVICES, AS MANDATED BY THE PLAINTIFF'S CIVIL & CONSTITUTIONAL RIGHTS;

C. THE UNLAWFUL, RETALIATORY TRANSFER AND DETENTION OF THE PLAINTIFF, IN MEDIUM/MAXIMUM INMATE HOUSING, WHEN PLAINTIFF IS CLASSIFIED AS A MINIMUM SECURITY INMATE (A "1" SCORE [COMMUNITY MINIMUM] ON THE WASPC OBJECTIVE JAIL CLASSIFICATION) AT GREAT RISK TO PLAINTIFF'S SAFETY, RESULTING IN AT LEAST ONE PRIOR VIOLENT ASSAULT OF PLAINTIFF, AND 3 OR MORE ATTACKS, OR THREATHENED ATTACKS OF PLAINTIFF BY HIGH RISK, VIOLENT INMATES, PLACING

THE PLAINTIFF AT ON GOING AND CONTINUAL RISK TO HIS SAFETY.

1.11 THIS ACTION IS BROUGHT AS A COMMON LAW SUPPLEMENTAL BILL, IN THE AID OF THE ENFORCEMENT OF THE REIMPOSED AUTOMATIC STAY (11 U.S.C. § 362), THE DISCHARGE AND THE DISCHARGE INJUNCTION (11 U.S.C. § 524 AND 11 U.S.C. §1141), AS ESTABLISHED BY THE "FOREIGN JUDGMENTS", IN THIS COURT, IN THIS DISTRICT, AGAINST PERSONS AND PROPERTY LOCATED WITHIN THIS DISTRICT.

1.12 PLAINTIFF IS THE VICTIM OF ERRONEOUS OR FALSIFIED AGENCY RECORDS, WILLFULLY AND MACILIOUSLY MAINTAINED, CREATED AND DISSIMINATED BY THE FEDERAL AGENCY DEFENDANTS, AS TO THE PLAINTIFF AND THE "FOREIGN JUDGMENTS", WITHIN THIS DISTRICT, IN VIOLATION OF 5 U.S.C. § 552a.

1.13 THE FEDERAL AGENCY DEFENDANTS HAVE FAILED AND REFUSED, UPON DEMAND, TO RELEASE, ACCURATELY CREATE OR MAINTAIN AGENCY RECORDS, AND TO MODIFY OR CORRECT ERRONEOUS AGENCY RECORDS, ON THE WRITTEN DEMAND OF THE PLAINTIFF, IN A KNOWING INTENTIONAL AND WILLFUL VIOLATION OF 5 U.S.C. §552a, RESULTING IN NUMEROUS ERRONEOUS ADVERSE DETERMINATIONS AGAINST PLAINTIFF.

# PRAYER

2.01 PLAINTIFF PRAYS FOR THE REGISTRATION, ENTRY, GRANTING OF FULL FAITH & CREDIT, AND THE EXECUTION AND ENFORCEMENT, IN THIS DISTRICT, OF THE "FOREIGN JUDGMENTS", THE REIMPOSED AUTOMATIC STAY, THE DISCHARGE, AND THE DISCHARGE INJUNCTION, ESTABLISHED THEREIN, BY THIS COURT, IN THIS DISTRICT.

2.02 PLAINTIFF PRAYS FOR THE RELEASE OF, AND THE MODIFICATION CORRECTION OF, AND PURGING OF AGENCY RECORDS, AS TO THE PLAINTIFF AND THE "FOREIGN JUDGMENTS, PURSUANT TO 5 U.S.C. § 552a AND 5 USC § 552.

2.03 PLAINTIFF PRAYS FOR AN AWARD OF ACTUAL DAMAGES, SANCTIONS, LIQUIDATED DAMAGES ($500/DAY), PUNITIVE DAMAGES, COSTS AND ATTORNEY FEES, PURSUANT TO 11 U.S.C § 362(h), 5 U.S.C. § 552a(g) AND 11 U.S.C. § 524, FOR WHICH SOVERIGN IMMUNITY HAS BEEN SPECIFICALLY WAIVED BY STATUTE.

DATED: 9/28/05

PLAINTIFF

VERIFICATION

I, BEING SWORN UPON OATH, HEREBY DECLARE THAT THE FACTS, STATEMENTS, AVERMENTS, AND ALLEGATIONS MADE HEREIN, ARE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY AND I CERTIFY THAT THE CLAIMS MADE HEREIN ARE NON-FRIVOLOUS AND NON-MALICIOUS CLAIMS, FOR WHICH SOVERIGN IMMUNITY HAS BEEN SPECIFICALLY WAIVED, BY ACTS OF CONGRESS, AND STATUTE, EXECUTED AT SPOKANE WA, PURSUANT TO THE LAWS OF THE UNITED STATES

DATED: 9/28/05

PLAINTIFF

"FOREIGN JUDGMENTS"
EXHIBIT "2"

a. NOTICE of Filing of "Assignment of Interests in Bankruptcy Court Judgments Rendered in Another District, for the Benefit of Creditors, in aid of the Judgment, and in the aid of the Enforcement and Execution Thereof", filed 3-22-02 in Misc Case No 02-02, filed as Docket #535, on March 22, 2002, in Case No. 01-06073-W11, USBC-ED-WA;

b. "Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, Combined With Notice Thereof", (hereinafter "Broadway Disclosure Statement"), entered December 21, 1998, as Docket #112 in Case No. LA 98-18082-SB, USBC-CD-CA-LA;

c. "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan", (hereinafter "Broadway's First Plan w/Discharge"), entered March 19, 1999, in Case No. LA 98-18082-SB, , USBC-CD-CA-LA, as Docket #129, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service on Counsel;

d. "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan (As Modified)", (hereinafter "Broadway's Second Plan"), entered June 16, 1999, in Case No. LA 98-18082-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service:

e. "Findings of Fact and Conclusions of Law in Support of Order Disallowing Claims of John H. Smith and Robert Hayes", (hereinafter "Fraudulent Deed Findings"), entered December 29, 1998, in Adversary Case No. AD-98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

f. "Judgment and Order Pursuant to Summary Judgment Motions", (hereinafter "Fraudulent Deed Judgment"), entered December 29, 1998, in Adversary Case No. AD 98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

g. "Stipulated Order Re: Liability and Damages", entered October 30, 2000 in Case No: CS-97-435-RHW, USDC-ED-WA;

h. Writ of Obedience #02-0001, issued May 31, 2002, in Spokane County Superior Court Case No. 02-2-02825-4;

i. Writ of Obedience #02-0002, issued June 6, 2002, in Case No. 02-2-02825-4;

j. Writ of Obedience #02-0003, issued June 7, 2002, in Case No. 02-2-02825-4;

k. Writ of Obedience #02-0004, issued June 12, 2002, in Case No. 02-2-02825-4;

l. Writ of Obedience #02-0005, issued July 18, 2002, in Case No. 02-2-02825-4.

m. ORDER denying relief from stay Re: Item # 41. with Notice of Entry, filed 1/11/2000 as Docket #137, <u>incorporating therein</u> "Opposition Re: Item # 41. to motions to lift stay: opposition to motion to annul stay, filed 12/9/1999, as Docket #94", and incorporating "Opposition Re: Item # 57, to motion to lift stay and to motion to annul, filed 12/10/1999, as Docket #95"; all filed in Case No. LA 99-39555-SB, USBC-CD-CA-LA;

n. BAP/USDC appeal judgment - the Bankruptcy Court judgment is AFFIRMED. BAP #CC-00-1049 RE: Item #154, filed 1/16/2001, as Docket #359, Case No. LA 99-39555-SB, USBC-CD-CA-LA;

o. ORDER Granting Debtors Motion to Strike Liens, filed 9/15/1998, as Docket #199, in Case No. 96-02980-K11, USBC-ED-WA;

p. NOTICE of Filing of "Request to Clerk for Registration of Judgment Rendered in Another Court, filed 3-21-02 as Misc Case No. 02-01 (02-01731 DJM $), filed 3/27/2002, as Docket #536, Case No. 01-06073-W11, USBC-ED-WA;

q. EXHIBIT I Admitted at hearing on 12-5-01; re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract Effective 5-24-01 between Duncan J McNeil and Broadway Buildings II LP. Re: Oust Motin to Convert Case to Ch 7, Docket #44 & Joinder therein Docket #212, as Docket #459, Case No. 01-06073-W11, USBC-ED-WA;

r. EXHIBIT J Admitted at hearing on 12-5-01; Re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract, effective 8-17-01 between Duncan J McNeil, GMFT Reorganization Corporation, and Broadway Buildings II LP RE: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder therein Docket #212, filed 1/4/2002, as Docket #460, Case No. 01-06073-W11, USBC-ED-WA;

s. PROPOSED Exhibit "D-D" to Supplement Exhibits offered at hearing on 12-5-01; RE: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil 11-23-99 with the Oust-Ed-WA, in the Sum of $5211.926, ... ... ..., filed 2/6/2002, as Docket #'s 506, 506A, Case No. 01-06073-W11, USBC-ED-WA;

t. PROPOSED Exhibit "I-I" to Supplement Exhibits offered at hearing on 12-5-01; re: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil on 3-6-98 with the Oust-Ed-WA, in the sum of $4,651,000. Re: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder therein Docket #212, filed 2/11/2002, as Docket #512, Case No. 01-06073-W11, USBC-ED-WA;

u. (1) NOTICE of Separation Contract & Dissolution of Marriage Contract Pursuant to RCW 26.0-9.070 filed 7-26-01 as Document #4613783 with the County Recorder for Spokane County, Washington, (pages 1 of 29 to 29 of 29); (2) JOINT Petition for Dissolution of Marriage, filed 7-26-01 in Case No. 01-301586-7 (pages 2 of 29 to 5 of 29; 3) SEPARATION Contract and Dissolution of Marriage Contract Pursuant to RCW 26.09.070, filed 7-26-01 in Case No. 01-301586-7, (pages 6 of 29 to 29 of 29), filed 2/6/2002, as Docket #505, Case No. 01-06073-W11, USBC-ED-WA;

v. DECREE OF DISSOLUTION; entered 12/8/03 in Spokane County Superior Court Case 02-302795-2, except those portions of the decree that were entered in violation of law, and in violation of the Complainant's civil and constitutional rights, as a parent.