DUNCAN J. McNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
INDIGENT DISABLED
UNLAWFULLY INCARCERATED
PRISIONER & PLAINTIFF

SERVICE ADDRESS

MO-

DATE:
TIME:

# U.S. DISTRICT COURT
## DISTRICT OF RHODE ISLAND

DUNCAN J. McNEIL, III
PLAINTIFF

V.

UNITED STATES AND IT'S OFFICERS & AGENCIES, ET AL.
DEFENDANTS

CASE NO: CA-05-300-ML

URGENT EXPARTE MOTION: IN SUPPORT OF NOTICE OF APPEAL
① TO PROCEED IFP W/O PAYMENT OF FEES; ON APPEAL
② FOR ELECTRONIC FILING ACCESS TO COURT AND FOR A WAIVER OF PACER FEES AND ELECTRONIC FILING FEES;
③ FOR APPOINTMENT OF COUNSEL ON APPEAL;
④ FOR COPIES, RECORD AND FOR SERVICE OF THE SUMMONS AND COMPLAINT BY THE CLERK & U.S. MARSHAL PER FRCP 4(c)(2)

I, DUNCAN J. McNEIL, III, BEING SWORN UPON OATH HEREBY DECLARE UNDER THE PENALTY OF PERJURY THE FOLLOWING:

1. THAT I AM A "QUALIFIED INDIVIDUAL" WITH AND ESTABLISHED SSA DISABILITY, WHO IS ENTITLED TO REASONABLE ACCOMMODATIONS FROM THE DEFENDANTS AND THIS COURT.

2. THAT I AM PRESENTLY UNLAWFULLY

15

INCARCERATED BY THE UNITED STATES, THE STATE OF WASHINGTON, COUNTY OF SPOKANE AND THE CITY OF SPOKANE, IN VIOLATION OF MY CONSTITUTIONAL AND CIVIL RIGHTS.

3. THAT I AM AN "OFFICER OF THE UNITED STATES" AS DEFINED BY 42 U.S.C. § 1985(1) APPOINTED PURSUANT TO 11 U.S.C. § 1123(b)(3)(B) AS THE DISBURSING AGENT AND LIQUIDATING TRUSTEE AND GENERAL MANAGER FOR REORGANIZED DEBTOR BROADWAY BUILDINGS II, L.P., PURSUANT TO ORDER OF THE U.S. BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA.

4. THAT AS A DISABLED PERSON, I HAVE BEEN THE CONTINUAL AND ON GOING VITIM OF INTENTENTIONAL DISCRIMINATION AND RETALIATION, BY THE U.S., THE STATE OF WASHINGTON, THE COUNTY OF SPOKANE, AND THE CITY OF SPOKANE, IN A KNOWING AND INTENTIONAL VIOLATION OF MY CIVIL AND CONSTITUTIONAL RIGHTS, FOR HAVING EXERCIZED MY COURT APPOINTED DUTIES PURSUANT TO THE EXECUTION AND ENFORCEMENT OF BROADWAY'S CONFIRMED PLAN, PURSUANT TO U.S. CONST. ART 4, §1, FULL FAITH & CREDIT CLAUSE. I AM PRESENTLY UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY DUE MY CONDITIONS OF INCARCERATION AND THE WITHHOLDING OF MEDICAL CARE.

16

5. BY THE ATTACHED IFP APPLICATION I MOVE THE COURT FOR AN ORDER ALLOWING ME TO PROCEED IN THIS ~~ACTION~~ APPEAL WITHOUT PREPAYMENT OF FEES, COPIES OR SERVICE.

6. I ALSO MOVE THE COURT FOR AN ORDER ALLOWING ME ELECTRONIC FILING STATUS, ALONG WITH A WAIVER OF PACER AND ELECTRONIC ACCESS, FILING AND SERVICE FEES.

7. I FURTHER MOVE THE COURT FOR APPOINTMENT OF COUNSEL, IN THIS ~~ACTION~~ APPEAL, PURSUANT TO 28 USC§1915(e)(1), FOR THE FOLLOWING REASONS:

(a) TO ATTAIN DUE PROCESS OF LAW: THE PLAINTIFF, INDIGENT & UNLAWFULLY INCARCERATED, ASSERTS IN BRINGING THIS ACTION THAT THE PLAINTIFF HAS BEEN DENIED HIS FUNDAMENTAL RIGHTS TO DUE PROCESS OF LAW, AND HAS BEEN UNLAWFULLY DENIED ACCESS TO THE COURTS, WARRANTING APPOINTMENT OF COUNSEL IN THIS PARTICULAR CASE, SEE <u>HATFIELD V. BAILLEAUX</u>, 290 F.2d 632 (9TH CIR 1961);

4 OF 22

PG [redacted]

17

(b) THE PLAINTIFF'S ACTION IS NECESSITATED AND BROUGHT ABOUT BY THE DEFENDANT'S ALLEGED CONSPIRACY TO CONCEAL THE PLAINTIFF'S UNLAWFUL ARRESTS, AND TO OBTAIN INVALID CRIMINAL CONVICTIONS, THEREBY WARRANTING THE APPOINTMENT OF COUNSEL, SEE WHITE V. WALSH, 649 F.2d 560 (8th CIR 1981);

(c) THE DENIAL OF COUNSEL, IN THIS PARTICULAR CASE, WOULD RESULT IN A FUNDAMENTAL UNFAIRNESS, DUE TO PLAINTIFF'S CONTINUAL DENIAL OF ACCESS TO COURTS/LAW LIBRARY, INFRINGING UPON ~~a~~ THE INDIGENT PRISONER'S DUE PROCESS RIGHTS, THEREBY REQUIRING APPOINTMENT, SEE CHILDS V. DUCKWORTH, 705 F.2d 915 (7th CIR. 1983);

(d) APPOINTMENT OF COUNSEL IS NECESSARY WHEN AN INDIGENT PRISONER AS IN THIS CASE, IS PROHIBITED ADEQUATE ACCESS TO LAW LIBRARY, COPIER, TYPEWRITER, AND OTHER RESOURCES NEEDED TO PROSECUTE THE CASE, SEE RAYES V. JOHNSON, 969 F.2d 700 (8th CIR. 1992);

(e) THE INDIGENT PRISONER IS PERMANENTLY DISABLED, WITH A CHRONIC

SPECIFICALLY PG 9 22 TO 22 22
(SEE PGS 9 OF 22 TO 22 OF 22 ATTACHED)

DIBILIATING DISEASE, CHRONIC DISEASE, WHICH LIMITS AND INTERFERES WITH THE INDIGENT DISABLED PRISONERS ABILITY TO PRESENT HIS CASE TO THE COURT, AND RECIEVE A FAIR TRIAL. SEE McCARTHY v. WEINBERG, 753 F.2d 836 (10TH CIR 1985); JACKSON v. COUNTY OF McLEAN, 953 F.2d 1070 (7TH CIR 1992).

8. THE SUBJECT ACTION RELATES TO SIGNIFICANT CONSTITUTIONAL ISSUES, OF PUBLIC IMPORTANCE, AS TO FULL FAITH & CREDIT, ACCESS TO COURTS, & FALSIFIED CRIMINAL HISTORY AND INDIVIDUAL AGENCY RECORDS, WHICH WARRANT THE APPOINTMENT OF COUNSEL ①, AS THE CASE RAISES SEVERAL ISSUES OF FIRST IMPRESSION, WHICH COULD LEAD TO SIGNIFICANT PRECEDENTIAL AUTHORITY.

9. THE PLAINTIFF MOVES THE COURT FOR AN ORDER REQUIRING SERVICE AND PREPARATION OF THE RECORD IN THIS APPEAL ~~OF THE SUMMONS & COMPLAINT ON THE DEFENDANTS BY THE U.S. MARSHAL SERVICE~~ AT THE COST OF THE U.S.

I DECLARE THE FOREGOING IS TRUE AND CORRECT UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES.

DATED: 10/18/05 6 OF 22

PG

① THAT I HAVE CONTACTED OVER 30 PUBLIC SERVICE AGENCIES AND LAWYER CLINICS, SEEKING APPOINTMENT OR ASSISTANCE OF COUNSEL IN LAST 180 DAYS AND EACH HAS EITHER FAILED TO REPLY OR DECLINED DUE TO COMPLEXITY OF CASE